**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MATRIKS LOJISTIK DIS TICARET A.S., a Turkish corporation,<br><br>　　　　　　Plaintiff<br>v.<br><br>CH BUS SALES LLC, a Delaware limited liability company<br><br>　　　　　　Defendant | Civil Action No. _____-UNA |

**COMPLAINT**

Plaintiff Matriks Lojistik Dis Ticaret A.S., a Turkish corporation, ("Matrix" or "Plaintiff") by and through its undersigned counsel, Berger Harris LLP, brings this action against CH Bus Sales LLC, a Delaware limited liability company ("CH Bus" or "Defendant"), and in support thereof alleges as follows:

**SUMMARY OF THE ACTION**

1. Matrix and CH Bus entered into an Exclusivity Agreement (the "Agreement," attached as Exhibit 1). Pursuant to the Agreement, Plaintiff agreed to transport motor coaches from Turkey to the United States that Defendant purchased from another entity. Plaintiff completed its obligations under the Agreement. Defendant, however, has refused to pay Plaintiff for its services because Defendant got into a dispute with the manufacturer of the buses. As a result, Defendant has breached the Agreement and caused Matrix economic damages.

**THE PARTIES**

2. Matrix is a foreign corporation organized and existing under the laws of the Republic of Turkey. Matrix has its registered office situated at Turkey, Istanbul, Serifali mevkii, Kible sk, No: 28, Kat 3-4, Dudullu, Umraniye. Matrix may be contacted through its undersigned

Case 1:18-cv-01942-RGA

counsel.

3. Defendant is a limited liability company organized and existing under the laws of the State of Delaware. Defendant maintains its principal place of business at 1645 Lyndale Avenue N, Suite 102, Faribault, Minnesota 55021. Defendant may be served with legal process through its registered agent identified with the Delaware Secretary of State, The Corporation Trust Company, located at The Corporation Trust Center, 1209 North Orange Street, Wilmington, Delaware 19801.

## **JURISDICTION**

4. This Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and because Defendant is a citizen of Delaware and Plaintiff is a citizen of Turkey, a foreign state.

5. This Court may exercise personal jurisdiction over Defendant because it is a Delaware limited liability company and it has consented to the jurisdiction of the courts located in the State of Delaware.

6. This Court may also exercise specific personal jurisdiction over Defendant because the dispute between Plaintiff and Defendant arises from a related transaction which is the subject of a lawsuit that Defendant removed to this Court. *See Temsa Ulasim Araclari Sana Yi Ve Ticaret A.S. v. CH Bus Sales LLC*, C.A. No. 1:18-cv-698-RGA (the "Temsa Action"). Defendant entered into an agreement with the plaintiff in the Temsa Action and, pursuant to the forum selection clause of their agreement, Defendant submitted to the jurisdiction of the courts of the State of Delaware to resolve any and all disputes thereunder.

7. As is explained in more detail below, because the transaction between Plaintiff and Defendant is so closely related to the transaction at issue in the Temsa Action, this Court may

properly exercise specific personal jurisdiction over Defendant in this action.

## FACTUAL BACKGROUND

8. Upon information and belief, in February 2010, Temsa Ulasim Araclari Sanayi Ve Ticaret A.S. ("Temsa") and Defendant entered into an agreement under which Temsa conferred to Defendant exclusive distributor rights related to the marketing, sale and distribution of certain motor coaches and spare parts manufactured by Temsa.

9. Upon information and belief, in January 2016, Temsa and Defendant also entered into a Security Agreement under which Defendant granted Temsa a security interest in certain property. Pursuant to their business relationship, Defendant agreed to purchase several motor coaches from Temsa in or around November 2017.

10. In order to transport the coaches from ports located in Turkey to ports located in the United States, Defendant entered into the Agreement with Plaintiff. In fact, the Agreement was the second contract between Plaintiff and Defendant. The first contract was executed on or about February 6, 2014 and the Agreement was executed on or about May 30, 2017, with a three-year term expiring on May 30, 2020.

11. Pursuant to the terms of the Agreement, Defendant agreed to exclusively use Plaintiff to transport Temsa buses. Defendant also agreed to the following provision:

> 6. PAYMENT. *CH Bus shall transfer the full freight amount to Matrix Bank Account within 30 days after shipment date in Turkey. Damage claims/costs shall be covered separately in insurance process, and can not be deducted from freight payment in principle.* On the other hand, if the insurance claim is not settled within 60 days with a reasonable explanation by Matrix, then CH Bus shall have the right to compensate it from next freight payment in mutual agreement.

Agreement ¶ 6 (*emphasis added*).

12. Pursuant to the terms of the Agreement, Plaintiff agreed to and confirmed the

following responsibilities and commitments:

> a. to apply agreed price in Article 4, during the period of this contract.
> b. to provide a proper transportation service from Turkey to the U.S.
> c. to coordinate necessary documentation between Shipper, CH Bus and shipping lines for proper operations.
> c [*sic*]. to take maximum care to deliver the buses in the U.S. without damages in good condition.
> d. to deliver the buses within agreed transit times mentioned in Article 4
> e. to send transport plans regularly, informing CH Bus about shipping dates, transshipment details, expected arrival dates.

Agreement ¶ 3.

13. On or around November 8, 2017, an employee of Defendant contacted Plaintiff to orchestrate a shipment of Temsa motor coaches. Eventually, Plaintiff agreed to make two shipments for Defendant. The first shipment occurred on December 3, 2017, when Plaintiff shipped 15 coaches out of the Derince port of Turkey to the port in Jacksonville, Florida. Those coaches were delivered to Jacksonville, Florida on or about December 26, 2017. The second shipment of one coach left the Borusan/Gemlik port of Turkey and was delivered to a port in Brunswick, Georgia on or about January 18, 2018.

14. Plaintiff completed the shipment of the buses, and delivered them in good condition to the US ports. Accordingly, Plaintiff fulfilled all of its obligations under the Agreement.

15. Apparently, due to a souring relationship with Temsa, Defendant refused to make any payments to both Temsa and Plaintiff for the shipments, despite Plaintiff completing its obligations and there being no defects or errors in the shipment process. Defendant has acknowledged that Plaintiff performed its obligations under the Agreement and that it owes Plaintiff for Plaintiff's performance. In an email exchange between Plaintiff and Michael Haggerty, Defendant's Chairman of Board, Mr. Haggerty admitted that the only reason Defendant refuses to pay Plaintiff because of Defendant's disagreement with Temsa.

16. As a result of its wrongful refusal to pay Plaintiff, in clear breach of the Agreement, Defendant owes Plaintiff in an amount to be proven at trial but no less than $146,405.00 in outstanding invoices.

## **COUNT I: BREACH OF CONTRACT**

17. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the Complaint as if set forth fully herein.

18. Plaintiff and Defendant entered into a valid and binding contract, the Agreement.

19. Pursuant to the Agreement, Plaintiff was required to ship the Temsa buses from Turkey to ports in the United States and Defendant was required to pay Plaintiff for these services.

20. Plaintiff completed its obligations under the Agreement.

21. Pursuant to the Agreement, Defendant was required to pay the full freight amount to Matrix within 30 days after shipment date in Turkey.  Also, pursuant to the Agreement, damage claims/costs shall be covered separately in insurance process, and cannot be deducted from freight payment in principle.  In any event, Defendant did not report any damage to Plaintiff and Plaintiff is not aware of any insurance claims filed by Defendant for damage to the coaches that Plaintiff shipped pursuant to the Agreement.

22. To date, Defendant has not paid Plaintiff the full freight amount for these shipments.

23. Defendant is in breach of the Agreement, which breach has caused Plaintiff economic damages.

24. According to the Counterclaim it filed in the Temsa Action, Defendant's refusal to pay for the Temsa buses is based on Defendant's assertion that Temsa sold Defendant defective motor coaches and other issues that are exclusively between Temsa and Defendant.

25. The explicit language of the Agreement demonstrates that Plaintiff made no warranties and/or representations regarding the manufacturing quality of the coaches or Defendant's satisfaction with the coaches.

26. Defendant has wrongfully withheld payment due to Plaintiff without justification. As a result, Defendant is in breach of its obligations under the Agreement.

27. Accordingly, Plaintiff demands judgment in its favor plus attorneys' fees, costs, pre- and post-judgment interest and whatever other relief the Court deems just and proper.

## COUNT II: UNJUST ENRICHMENT
### (Pleaded in the Alternative)

28. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the Complaint as if set forth fully herein.

29. By wrongfully withholding payment due to Plaintiff, Defendant has unjustly retained a benefit to Plaintiff's detriment.

30. Defendant received the benefit of the shipment of goods.

31. Plaintiff has suffered, and continues to suffer, a loss due to Defendant's wrongful refusal to pay for the agreed upon price for the shipment.

32. As is set forth in more detail above, Plaintiff satisfied its obligations under the Agreement and provided a necessary service to Defendant by shipping Defendant's coaches from Turkey to the United States.

33. As a result, there is no justification for Defendant's refusal to pay Plaintiff the outstanding amounts.

34. To the extent there is no adequate remedy at law, Plaintiff asserts a claim of unjust enrichment against Defendant in the alternative.

35. Accordingly, Plaintiff demands judgment in its favor plus attorneys' fees, costs,

pre- and post-judgment interest and whatever other relief the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Matriks Lojistik Dis Ticaret A.S., respectfully requests that the Court enter judgment:

    a.    finding Defendant CH Bus Sales LLC in breach of the Exclusivity Agreement defined above;

    b.    awarding Plaintiff in an amount to be proven at trial but no less than $146,405.00 plus pre-judgment and post-judgment interest accruing at the statutory rate;

    c.    awarding Plaintiff its attorneys' fees and costs associated with this action;

    d.    awarding Plaintiff any other relief the Court deems just and proper.

**BERGER HARRIS LLP**

*/s/ Michael W. McDermott*
Michael W. McDermott (No. 4434)
David B. Anthony (No. 5452)
1105 N. Market Street, 11th Floor
Wilmington, DE  19801
Telephone:  (302) 655-1140
mmcdermott@bergerharris.com
danthony@bergerharris.com

*Attorneys for Plaintiff*

Dated: December 7, 2018
Wilmington, Delaware