# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATRIKS LOJISTIK DIS TICARET A.S., a Turkish corporation,<br><br>      Plaintiff<br>v.<br><br>CH BUS SALES LLC, a Delaware limited liability company<br><br>      Defendant | Civil Action No. 18-CV-01942-RGA |

## ANSWER TO COMPLAINT

Plaintiff CH Bus Sales LLC, ("CH Bus" or "Defendant") hereby answers Plaintiff Matriks Lojistik Dis Ticaret A.S.'s Complaint, and alleges affirmative defenses hereto, as follows:

## SUMMARY OF THE ACTION

1. Matrix and CH Bus entered into an Exclusivity Agreement (the "Agreement," attached as Exhibit 1). Pursuant to the Agreement, Plaintiff agreed to transport motor coaches from Turkey to the United States that Defendant purchased from another entity. Plaintiff completed its obligations under the Agreement. Defendant, however, has refused to pay Plaintiff for its services because Defendant got into a dispute with the manufacturer of the buses. As a result, Defendant has breached the Agreement and caused Matrix economic damages.

**ANSWER:** CH Bus admits the allegations in the first and second sentences of paragraph 1. CH Bus denies the remaining allegations in paragraph 1.

## THE PARTIES

2. Matrix is a foreign corporation organized and existing under the laws of the Republic of Turkey. Matrix has its registered office situated at Turkey, Istanbul, Serifali mevkii,

Kible sk, No: 28, Kat 3-4, Dudullu, Umraniye. Matrix may be contacted through its undersigned counsel.

**ANSWER:** CH Bus lacks sufficient information upon which to form a belief as to the truth or falsity of the allegations in paragraph 2 and therefore denies same.

3. Defendant is a limited liability company organized and existing under the laws of the State of Delaware. Defendant maintains its principal place of business at 1645 Lyndale Avenue N, Suite 102, Faribault, Minnesota 55021. Defendant may be served with legal process through its registered agent identified with the Delaware Secretary of State, The Corporation Trust Company, located at The Corporation Trust Center, 1209 North Orange Street, Wilmington, Delaware 19801.

**ANSWER:** CH Bus admits the allegations in the first and second sentences of paragraph 3. The allegations in the third sentence of paragraph 2 constitute legal contentions, to which no response is required.

## JURISDICTION

4. This Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and because Defendant is a citizen of Delaware and Plaintiff is a citizen of Turkey, a foreign state.

**ANSWER:** The allegations in paragraph 4 constitute legal contentions, to which no response is required.

5. This Court may exercise personal jurisdiction over Defendant because it is a Delaware limited liability company and it has consented to the jurisdiction of the courts located in the State of Delaware.

**ANSWER:** The allegations in paragraph 5 constitute legal contentions, to which no response is required.

6. This Court may also exercise specific personal jurisdiction over Defendant because the dispute between Plaintiff and Defendant arises from a related transaction which is the subject of a lawsuit that Defendant removed to this Court. *See Temsa Ulasim Araclari Sana Yi Ve Ticaret A.S. v. CH Bus Sales LLC*, C.A. No. 1:18-cv-698-RGA (the "Temsa Action"). Defendant entered into an agreement with the plaintiff in the Temsa Action and, pursuant to the forum selection clause of their agreement, Defendant submitted to the jurisdiction of the courts of the State of Delaware to resolve any and all disputes thereunder.

**ANSWER:** The allegations in paragraph 6 constitute legal contentions, to which no response is required. To the extent a response is required, CH Bus denies the allegations in this paragraph.

7. As is explained in more detail below, because the transaction between Plaintiff and Defendant is so closely related to the transaction at issue in the Temsa Action, this Court may properly exercise specific personal jurisdiction over Defendant in this action.

**ANSWER:** The allegations in paragraph 7 constitute legal contentions, to which no response is required. To the extent a response is required, CH Bus denies the allegations in this paragraph.

**FACTUAL BACKGROUND**

8. Upon information and belief, in February 2010, Temsa Ulasim Araclari Sanayi Ve Ticaret A.S. ("Temsa") and Defendant entered into an agreement under which Temsa conferred to Defendant exclusive distributor rights related to the marketing, sale and distribution of certain motor coaches and spare parts manufactured by Temsa.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, CH Bus denies the allegations in this paragraph.

9. Upon information and belief, in January 2016, Temsa and Defendant also entered into a Security Agreement under which Defendant granted Temsa a security interest in certain property. Pursuant to their business relationship, Defendant agreed to purchase several motor coaches from Temsa in or around November 2017.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, CH Bus respectfully refers the Court to the Security Agreement for its true and complete contents.

10. In order to transport the coaches from ports located in Turkey to ports located in the United States, Defendant entered into the Agreement with Plaintiff. In fact, the Agreement was the second contract between Plaintiff and Defendant. The first contract was executed on or about February 6, 2014 and the Agreement was executed on or about May 30, 2017, with a three-year term expiring on May 30, 2020.

**ANSWER:** CH Bus admits the allegations in paragraph 10.

11. Pursuant to the terms of the Agreement, Defendant agreed to exclusively use Plaintiff to transport Temsa buses. Defendant also agreed to the following provision:

> 6. PAYMENT. *CH Bus shall transfer the full freight amount to Matrix Bank Account within 30 days after shipment date in Turkey. Damage claims/costs shall be covered separately in insurance process, and can not be deducted from freight payment in principle.* On the other hand, if the insurance claim is not settled within 60 days with a reasonable explanation by Matrix, then CH Bus shall have the right to compensate it from next freight payment in mutual agreement.

Agreement ¶ 6 (*emphasis added*).

**ANSWER:** The allegations in paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, CH Bus respectfully refers the Court to the Agreement for a true and complete statement of its contents.

12. Pursuant to the terms of the Agreement, Plaintiff agreed to and confirmed the following responsibilities and commitments:

> a. to apply agreed price in Article 4, during the period of this contract.
> b. to provide a proper transportation service from Turkey to the U.S.
> c. to coordinate necessary documentation between Shipper, CH Bus and shipping lines for proper operations.
> c [*sic*]. to take maximum care to deliver the buses in the U.S. without damages in good condition.
> d. to deliver the buses within agreed transit times mentioned in Article 4
> e. to send transport plans regularly, informing CH Bus about shipping dates, transshipment details, expected arrival dates.

Agreement ¶ 3.

**ANSWER:** The allegations in paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, CH Bus respectfully refers the Court to the Agreement for a true and complete statement of its contents.

13. On or around November 8, 2017, an employee of Defendant contacted Plaintiff to orchestrate a shipment of Temsa motor coaches. Eventually, Plaintiff agreed to make two shipments for Defendant. The first shipment occurred on December 3, 2017, when Plaintiff shipped 15 coaches out of the Derince port of Turkey to the port in Jacksonville, Florida. Those coaches were delivered to Jacksonville, Florida on or about December 26, 2017. The second shipment of one coach left the Borusan/Gemlik port of Turkey and was delivered to a port in Brunswick, Georgia on or about January 18, 2018.

**ANSWER:** CH Bus lacks sufficient information upon which to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 13, and therefore denies same. CH Bus admits the remaining allegations in paragraph 13.

14. Plaintiff completed the shipment of the buses, and delivered them in good condition to the US ports. Accordingly, Plaintiff fulfilled all of its obligations under the

Agreement.

**ANSWER:** CH Bus admits the allegations in the first sentence of paragraph 14. CH Bus denies the allegation in the second sentence of paragraph 14.

15. Apparently, due to a souring relationship with Temsa, Defendant refused to make any payments to both Temsa and Plaintiff for the shipments, despite Plaintiff completing its obligations and there being no defects or errors in the shipment process. Defendant has acknowledged that Plaintiff performed its obligations under the Agreement and that it owes Plaintiff for Plaintiff's performance. In an email exchange between Plaintiff and Michael Haggerty, Defendant's Chairman of Board, Mr. Haggerty admitted that the only reason Defendant refuses to pay Plaintiff because of Defendant's disagreement with Temsa.

**ANSWER:** CH Bus denies the allegations in paragraph 15.

16. As a result of its wrongful refusal to pay Plaintiff, in clear breach of the Agreement, Defendant owes Plaintiff in an amount to be proven at trial but no less than $146,405.00 in outstanding invoices.

**ANSWER:** The allegations in paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, CH Bus denies the allegations in paragraph 16.

## COUNT I: BREACH OF CONTRACT

17. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the Complaint as if set forth fully herein.

**ANSWER:** Defendant repeats and realleges its responses to Paragraphs 1-16 above as though fully set forth herein.

18. Plaintiff and Defendant entered into a valid and binding contract, the Agreement.

**ANSWER:** The allegations in paragraph 18 constitute legal contentions, to which no response is required. To the extent a response is required, CH Bus respectfully refers the Court to the Agreement for a true and complete statement of its contents.

19. Pursuant to the Agreement, Plaintiff was required to ship the Temsa buses from Turkey to ports in the United States and Defendant was required to pay Plaintiff for these services.

**ANSWER:** The allegations in paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, CH Bus respectfully refers the Court to the Agreement for a true and complete statement of its contents.

20. Plaintiff completed its obligations under the Agreement.

**ANSWER:** CH Bus denies the allegations in paragraph 20.

21. Pursuant to the Agreement, Defendant was required to pay the full freight amount to Matrix within 30 days after shipment date in Turkey. Also, pursuant to the Agreement, damage claims/costs shall be covered separately in insurance process, and cannot be deducted from freight payment in principle. In any event, Defendant did not report any damage to Plaintiff and Plaintiff is not aware of any insurance claims filed by Defendant for damage to the coaches that Plaintiff shipped pursuant to the Agreement.

**ANSWER:** The allegations in paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, CH Bus respectfully refers the Court to the Agreement for a true and complete statement of its contents.

22. To date, Defendant has not paid Plaintiff the full freight amount for these shipments.

**ANSWER:** The allegations in paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, CH Bus respectfully refers the Court to the Agreement for a true and complete statement of its contents.

23. Defendant is in breach of the Agreement, which breach has caused Plaintiff economic damages.

**ANSWER:** The allegations in paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, CH Bus respectfully refers the Court to the Agreement for a true and complete statement of its contents.

24. According to the Counterclaim it filed in the Temsa Action, Defendant's refusal to pay for the Temsa buses is based on Defendant's assertion that Temsa sold Defendant defective motor coaches and other issues that are exclusively between Temsa and Defendant.

**ANSWER:** CH Bus denies the allegations in paragraph 24.

25. The explicit language of the Agreement demonstrates that Plaintiff made no warranties and/or representations regarding the manufacturing quality of the coaches or Defendant's satisfaction with the coaches.

**ANSWER:** The allegations in paragraph 25 are legal conclusions to which no response is required. To the extent a response is required, CH Bus respectfully refers the Court to the Agreement for a true and complete statement of its contents.

26. Defendant has wrongfully withheld payment due to Plaintiff without justification. As a result, Defendant is in breach of its obligations under the Agreement.

**ANSWER:** The allegations in paragraph 26 are legal conclusions to which no response is required. To the extent a response is required, CH Bus respectfully refers the Court to the Agreement for a true and complete statement of its contents.

27. Accordingly, Plaintiff demands judgment in its favor plus attorneys' fees, costs, pre- and post-judgment interest and whatever other relief the Court deems just and proper.

**ANSWER:** CH Bus respectfully requests that this Court deny the relief sought by Plaintiff, enter judgment against Plaintiff and in favor of CH Bus, and grant CH Bus such other relief as this Court deems just and proper.

## COUNT II: UNJUST ENRICHMENT
### (Pleaded in the Alternative)

28. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the Complaint as if set forth fully herein.

**ANSWER:** Defendant repeats and realleges its responses to Paragraphs 1-27 above as though fully set forth herein.

29. By wrongfully withholding payment due to Plaintiff, Defendant has unjustly retained a benefit to Plaintiff's detriment.

**ANSWER:** The allegations in paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, CH Bus denies that Plaintiff's detriment and/or Defendant's enrichment is equal to the damages claimed by Plaintiff.

30. Defendant received the benefit of the shipment of goods.

**ANSWER:** The allegations in paragraph 30 are legal conclusions to which no response is required. To the extent a response is required, CH Bus admits that Plaintiff shipped certain goods from Turkey to the United States.

31. Plaintiff has suffered, and continues to suffer, a loss due to Defendant's wrongful refusal to pay for the agreed upon price for the shipment.

**ANSWER:** The allegations in paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, CH Bus lacks sufficient information upon which

to form a belief as to the truth or falsity of the allegations in paragraph 31 and therefore denies same.

32. As is set forth in more detail above, Plaintiff satisfied its obligations under the Agreement and provided a necessary service to Defendant by shipping Defendant's coaches from Turkey to the United States.

**ANSWER:** The allegations in paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, CH Bus denies the allegations in paragraph 32.

33. As a result, there is no justification for Defendant's refusal to pay Plaintiff the outstanding amounts.

**ANSWER:** The allegations in paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, CH Bus denies the allegations in paragraph 33.

34. To the extent there is no adequate remedy at law, Plaintiff asserts a claim of unjust enrichment against Defendant in the alternative.

**ANSWER:** The allegations in paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, CH Bus admits that Plaintiff purports to assert a claim of unjust enrichment against CH Bus, but denies that Plaintiff is entitled to relief.

35. Accordingly, Plaintiff demands judgment in its favor plus attorneys' fees, costs, pre- and post-judgment interest and whatever other relief the Court deems just and proper.

**ANSWER:** CH Bus respectfully requests that this Court deny the relief sought by Plaintiff, enter judgment against Plaintiff and in favor of CH Bus, and grant CH Bus such other relief as this Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff frustrated Defendant's ability to perform any alleged contract or agreement.

## THIRD AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action raised therein, is barred, in whole or in part, by Plaintiff's own material breaches and failures to perform its own contractual duties.

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Gregory E. Stuhlman*
Joseph B. Cicero (#4388)
Gregory E. Stuhlman (#4765)
Stephanie H. Dallaire (#5184)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, DE 19801
Telephone: (302) 295-0191
Facsimile: (302) 295-0199
Email: cicero@chipmanbrown.com
Email: stuhlman@chipmanbrown.com
Email: dallaire@chipmanbrown.com

*Attorneys for Defendant CH Bus Sales LLC*

Dated: February 20, 2019